**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TIFFANY S. HUTSON,

     Plaintiff,

v.

FRANK BISIGNANO,

     Defendant.

Case No. 2:26-cv-00391-NJK

**Order**

[Docket No. 1]

Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1), and submitted a complaint (Docket No. 1-1).

**I.**    **Application to Proceed *In Forma Pauperis***

Plaintiff filed an application to proceed *in forma pauperis*.  Docket No. 5.  The application has sufficiently shown an inability to prepay fees and costs or give security for them.  Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915.

**II.**    **Screening the Complaint**

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint.  *See* 28 U.S.C. § 1915(e).  A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening.  First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision.  Second, the complaint must indicate the judicial district in which the plaintiff resides.  Third, the complaint must state the

nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must identify the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g., Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[1]

The Court has reviewed the complaint and finds it sufficient to survive screening.

### III.   Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees must be paid if recovery is made. At this time, Plaintiff is not required to pre-pay the filing fee.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court must file the complaint.

4. The Clerk must provide notice of this action to the Commissioner pursuant to Rule 3 of the Supplemental Rules for Social Security.

5. From this point forward, Plaintiff must serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion or other document submitted for consideration by the court. Plaintiff must include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was personally served or sent by mail to the defendants or counsel for the defendants. The Court may disregard any paper received by a district

---

[1] The rules that govern social security cases provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023); *see also Neitzke v. Williams,* 490 U.S. 319, 327 (1989) (explaining that a central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit").

judge or magistrate judge which has not been filed with the Clerk, and any paper received by a district judge, magistrate judge or the Clerk which fails to include a certificate of service.

IT IS SO ORDERED.

Dated: February 18, 2026

_____
Nancy J. Koppe
United States Magistrate Judge