**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Tiffany S. H.,<br>Plaintiff(s),<br>v.<br>Frank Bisignano, Commissioner of Social Security,<br>Defendant(s). | Case No. 2:26-cv-00391-NJK<br>**Order**<br>[Docket No. 12] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for benefits pursuant to Title XVI of the Social Security Act. Pending before the Court is Plaintiff's opening brief seeking reversal and remand. Docket No. 12. The Commissioner filed a responsive brief in opposition. Docket No. 14. No reply was filed. *See* Docket. The parties consented to resolution of this matter by magistrate judge. *See* Docket Nos. 3-4.

## I. STANDARDS

### A. Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the

claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity ("RFC"), which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the RFC to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

## II. BACKGROUND

### A. Procedural History

On July 18, 2022, Plaintiff filed an application for supplemental security income alleging an inability to work since May 1, 2022. Administrative Record ("A.R.") 30. On March 21, 2023, Plaintiff's application was denied initially. A.R. 102. On February 28, 2024, Plaintiff's claim was denied on reconsideration. A.R. 136-137. On April 26, 2024, Plaintiff filed an appeal and request for a hearing before an administrative law judge ("ALJ"). A.R. 143. On February 26, 2025, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Diana Coburn. A.R. 58-83. On March 21, 2025, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability. A.R. 30-40. On December 19, 2025, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

Plaintiff's request for review. A.R. 1-6. On February 13, 2026, Plaintiff commenced this suit for judicial review. Docket No. 1.

B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920(a). A.R. 30-40. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 18, 2022, the application date. A.R. 32. At step two, the ALJ found that Plaintiff has the following severe impairments: cervicalgia, degenerative disc disease of the lumbar spine (mild), diabetes mellitus, pulmonary disease, and migraine. A.R. 32-34. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 35. The ALJ found that Plaintiff has the RFC to

> perform medium work as defined in 20 CFR 416.967(c) except [Plaintiff] can occasionally climb ladders, ropes, or scaffolds, but she can frequently perform all other postural activities; she can have occasional exposure to pulmonary irritants (e.g. dusts, fumes, odors); and [Plaintiff] cannot have exposure that is more than moderate noise level.

A.R. 35-39. At step four, the ALJ expedited consideration of Plaintiff's past relevant work. A.R 39. At step five the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on her age, education, work experience, and RFC. A.R. 39-40. The ALJ found the transferability of job skills to be immaterial. A.R. 39. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same RFC and vocational factors could perform work as an order selector and a housekeeper. A.R. 39-40. Based on these findings, the ALJ found Plaintiff not disabled. A.R. 40.

## III. ANALYSIS

Plaintiff raises three arguments on appeal: (1) that the ALJ erred in rejecting the only two medical opinions discussed; (2) that the ALJ erred in relying on Plaintiff's daily activities to support Plaintiff's RFC; and (3) that the ALJ erred in not reconciling the evidentiary gap between the medical evidence and opinions of record. Docket No. 12 at 6-8.

A. Rejected Medical Opinions

Plaintiff submits that the ALJ erred in rejecting Dr. Sataray's assessment of her physical condition and Dr. Wood's assessment of her mental condition. Docket No. 12 at 6.[1] The Commissioner responds that the ALJ was permitted to discount Dr. Sataray and Dr. Wood's opinion based on a lack of supportability and consistency. Docket No. 14 at 8-12. The Commissioner has the better argument.

When evaluating medical evidence, an ALJ cannot "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a). The ALJ must "articulate how [the ALJ] considered the medical opinions and prior administrative medical findings" based on certain specified factors. *Id.* The most important factors are supportability and consistency, which the ALJ must address. 20 C.F.R. § 404.1520c(b). "Supportability means the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.' Consistency means the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim.'" *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022) (quoting 20 C.F.R. §§ 404.1520c(c)(1) & (c)(2)). "[T]he decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

Dr. Sataray opined that Plaintiff cannot lift and carry 10 pounds, cannot stand for more than two hours at a time, and can only sit for two hours at a time because Plaintiff has stiffness in her fingers, locking of her fingers, and lower back spasms. A.R. 645-647. The ALJ discounted that opinion because it was inconsistent with the objective medical evidence as a whole. A.R. 38. The ALJ noted that Dr. Sataray opined that symptoms, which are not medically determinable

[1] Plaintiff also submits that the ALJ erred in not addressing the opinions of the State agency physicians, if any exist. Docket No. 12 at 6. The ALJ did not address State agency physician opinions because no such opinions exist. Docket No. 14 at 7. State agency medical and physiological consultants reviewed Plaintiff at the initial and reconsideration levels, but each consultant provided no findings, noting that the record included insufficient evidence to determine Plaintiff's abilities. Docket No. 14 at 7 (citing A.R. 89, 98-99). Therefore, the Court finds no error.

impairments, were the reason for Plaintiff's physical limitations. A.R. 38.[2] The ALJ further explained that Plaintiff's physical examinations were generally within normal limits apart from some reports of tenderness and palpitation. A.R. 37-38. Objective evidence, such as a radiograph of Plaintiff's spine, showed only mild multilevel degenerative disease of the thoracolumbar spine. A.R. 37. An echocardiogram showed normal results and just traced to mild mitral regurgitation and mild diastolic dysfunction. Otherwise, the ALJ explained, Plaintiff's medical reports showed normal range of motion, no tenderness, including in her neck, no respiratory distress or wheezing, no acute distress, neurological normalcy, and normal pulmonary effort. A.R. 37.[3] The ALJ also found that Dr. Sataray's opinion is inconsistent with Plaintiff's admitted activities of daily living, which include: somewhat maintain personal care, prepare simple meals, perform lighter housework chores, use public transportation, shop for food and personal items, watch television, use a computer, occasionally drive, and take care of four or five of her grandchildren on weekends, when she would take them to the park across the street. A.R. 34 (citing A.R. 407-414, 562-569). Thus, the Court finds that the ALJ's decision to discredit Dr. Sataray's medical opinion is supported by substantial evidence.

Dr. Wood opined that Plaintiff would likely have mild to moderate difficulty interacting with supervisors, peers, and the public based on her mental health status and presentation. A.R. 569. The ALJ discounted that opinion because the ALJ explained, Dr. Wood noted and reiterated that Plaintiff appeared to put in minimal effort on the cognitive tasks, so her results should be interpreted with caution. A.R. 33 (citing A.R. 567-568). The ALJ further noted that Plaintiff's psychiatric examination and/or mental status examinations showed Plaintiff generally within normal limits. A.R. 33 (citing A.R. 512, 695, 1046, 1056, 1079, 1088, 1100, 1111, 1126, 1183,

---

[2] Medically determinable impairments may not be established solely based on symptoms alone. C.F.R. 416.908.

[3] Plaintiff's argument that the ALJ acted beyond her capacity as a layperson in assessing the record is not persuasive. *See Jessica V. v. Bisignano*, 807 F. Supp. 3d 1225, 1230-31 (D. Nev. 2025). The ALJ did not interpret raw medical data. The ALJ relied on clinical notes interpreting raw medical data. *See, e.g.*, A.R. 37 (citing A.R. 1114, 1117, 1124, 1130).

1188). Thus, the Court finds that the ALJ's decision to discredit Dr. Wood's medical opinion is also supported by substantial evidence.

Accordingly, the Court finds that Plaintiff has failed to establish error as to the ALJ discounting Dr. Sataray's and Dr. Wood's opinions.

B. Daily Activities

Plaintiff submits that the ALJ erred in relying on Plaintiff's daily activities to support Plaintiff's "ability to lift heavy weights or stand and walk for six hours in an eight-hour workday, five days a week." Docket No. 12 at 7.

The ALJ found that Plaintiff described daily activities that are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. A.R. 34. The record showed, for example, that Plaintiff could prepare simple meals, perform lighter housework chores, shop for food and personal items, and take care of four or five of her grandchildren on weekends, when she would take them to the park across the street. A.R. 34 (citing A.R. 407-414, 562-569). *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008) (finding "activities of daily living, including cooking, house cleaning, doing laundry, and helping her husband in managing finances" were properly considered by the ALJ as undermining claimant's testimony of disability because "[t]hese activities tend to suggest that the claimant may still be capable of performing the basic demands of competitive, remunerative, unskilled work on a sustained basis"). The Court finds that the ALJ reasonably concluded that these activities indicate that there is no more than a minimal limitation in Plaintiff's ability to do basic work activities. A.R. 34.

Accordingly, the Court finds that Plaintiff has failed to establish error as to the ALJ's reliance on Plaintiff's daily activities.

C. Evidentiary Reconciliation

Finally, Plaintiff submits that the ALJ erred in not reconciling the evidentiary gap between the medical evidence and opinions of record by failing to order an updated consultative examination or a medical expert to testify at the hearing. Docket No. 12 at 8. The Commissioner responds that the ALJ had no duty to develop the record further because there was no ambiguous or inadequate evidence. Docket No 14 at 8.

An ALJ must develop the record further "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir.2001). "No such ambiguity or inadequacy exists here; 'the ALJ supported [her] RFC with translating and incorporating all material in the record (including medical records), discounted medical opinions less favorable to Plaintiff, and reached an RFC with rational conclusions regarding Plaintiff's limitations.'" *Jessica V.*, 807 F. Supp. 3d at 1234. The Court finds that no ambiguity or inadequacy exists in the instant case that would have required the ALJ to further develop the record.

Accordingly, the Court finds Plaintiff has failed to establish error as to the evidence in the record.

## IV. CONCLUSION

The decision below is **AFFIRMED**. The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: October 2, 2026

Nancy J. Koppe
United States Magistrate Judge